STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE, APPELLEE v. NORTH CAROLINA RATE BUREAU, APPELLANT, IN THE MATTER OF A FILING DATED JULY 1, 1987 BY THE NORTH CAROLINA RATE BUREAU FOR REVISED AUTOMOBILE INSURANCE RATES— PRIVATE PASSENGER CARS AND MOTORCYCLES

No. 9010INS647

(Filed 7 May 1991)

1. Insurance § 79.1 (NCI3d) — automobile insurance rate case — refusal to distribute escrow funds — no immediate appeal

An order of the Commissioner of Insurance refusing to release funds placed in escrow pursuant to N.C.G.S. § 58-36-25 pending judicial review of an automobile rate case was interlocutory and not immediately appealable.

**Am Jur 2d, Appeal and Error § 47.**

2. Insurance § 79.1 (NCI3d) — automobile insurance rate case — disapproval of filing — funds in escrow — appellate decision remanding case — no final determination

A decision of the Court of Appeals vacating an order disapproving an automobile insurance rate filing and remanding the case for additional findings did not constitute a "final determination" requiring the Commissioner of Insurance to distribute funds placed in escrow pursuant to N.C.G.S. § 58-36-25. As used in that statute, "final determination" means all pro-

810 IN THE COURT OF APPEALS

STATE ex rel. COMR. OF INSURANCE v. N.C. RATE BUREAU

[102 N.C. App. 809 (1991)]

ceedings arising out of a disapproval order in a rate filing, including proceedings on remand.

**Am Jur 2d, Appeal and Error § 59.**

3. **Insurance § 79.1 (NCI3d)— automobile insurance rate case — funds in escrow — standing of Rate Bureau to appeal order**

The N.C. Rate Bureau has standing in its capacity as the representative of its members to appeal an order of the Commissioner of Insurance refusing to distribute funds placed in escrow in an automobile insurance rate case pursuant to N.C.G.S. § 58-36-25.

**Am Jur 2d, Appeal and Error §§ 172 et seq.; Insurance § 59.**

APPEAL by the North Carolina Rate Bureau from order dated 1 March 1990 by the Commissioner of Insurance. Heard in the Court of Appeals 13 December 1990.

On 1 July 1987 the North Carolina Rate Bureau filed for revised private passenger automobile insurance rates pursuant to Article 12B (now recodified as Article 36) of Chapter 58 of the General Statutes. The Commissioner of Insurance entered an order on 1 February 1988 disapproving in part the 1 July 1987 filing. The Commissioner ordered into effect rates lower than those filed. The Commissioner's action was based on his adoption of expense trends and underwriting profit and contingency provisions lower than those used by the Bureau. The Rate Bureau appealed. As provided by G.S. 58-36-25 the Bureau members used a higher rate and placed in escrow the portion of the premium that the Commissioner had disapproved.

On 15 August 1989, this Court vacated the 1 February 1988 order of the Commissioner and remanded the action to the Commissioner to make findings to "show *how* he has resolved the conflicting evidence, what adjustments he found necessary to make, and what calculations he considered more reliable." *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 95 N.C. App. 157, 381 S.E.2d 801 (1989).

On 26 January 1990 the Rate Bureau filed a motion requesting that the Commissioner order that the funds held in escrow be distributed to the Bureau's member companies. The Commissioner denied the motion for the release of the funds held in escrow. The Rate Bureau appeals.

*Young, Moore, Henderson & Alvis, P.A., by Charles H. Young, Jr., Marvin M. Spivey, Jr., and R. Michael Strickland for appellant.*

*Hunter, Wharton & Lynch, by John V. Hunter III; and Parker, Sink & Powers by E. Daniels Nelson for appellee.*

EAGLES, Judge.

[1]   The sole question presented here is whether the Commissioner of Insurance erred in failing to order the release of funds placed in escrow pending judicial review of the Commission's 1 February 1988 order. Because this appeal is interlocutory, we dismiss it.

The Rate Bureau appeals from the order of the Commissioner dated 1 March 1990 that denied its motion for the release of funds held in escrow under G.S. 58-36-25. "Fragmentary, piecemeal appeals from interlocutory orders are not usually permitted in this state; they are authorized only when it appears that a substantial right of the appellant will be lost if the order is not reviewed before the case has finally run its course in the trial court." *Shuping v. NCNB National Bank*, 93 N.C. App. 338, 339-40, 377 S.E.2d 802, 803 (1989). The Supreme Court has defined final and interlocutory orders as follows:

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

Here, the effect of the order denying the release of the funds is temporary and not permanent. The Commissioner's order only determines that the funds are not to be released now. It does not purport to determine who is entitled to the money. For these reasons, we hold that the appeal is interlocutory.

The order of the Commissioner is not immediately appealable under either G.S. 1A-1 Rule 54(b) or G.S. 1-277 and 7A-27(d). The Rate Bureau has not shown that it will lose any right here that the law regards as substantial. We fail to see how appellants will

be prejudiced if the order remains in effect until the Commissioner concludes the proceedings in this rate filing. Accordingly, this appeal is dismissed.

[2]    Additionally, we note that even though an appeal is fragmentary and premature, the appellate court may exercise its discretionary power to express an opinion upon the question which appellant has attempted to raise. *Cowart v. Honeycutt*, 257 N.C. 136, 140, 125 S.E.2d 382, 385 (1962). Here, we find appellant's reading of G.S. 58-36-25 unpersuasive. Appellant contends that this Court's decision in *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 95 N.C. App. 157, 381 S.E.2d 801 (1989), constitutes a "final determination" within the meaning of G.S. 58-36-25. We disagree.

G.S. 58-36-25(b) provides:

Whenever a Bureau rate is held to be unfairly discriminatory or excessive and no longer effective by order of the Commissioner issued under G.S. 58-36-20, the members of the Bureau, in accordance with rules and regulations established and adopted by the governing committee, shall have the option to continue to use such rate for the interim period pending judicial review of such order, provided each such member shall place in escrow account the purportedly unfairly discriminatory or excessive portion of the premium collected during such interim period. Upon a final determination by the Court, the Commissioner shall order the escrowed funds to be distributed appropriately
. . . .

Appellant argues that "[j]udicial review of the Commissioner's disapproval Order has been completed and the Order has been vacated." We think that "final determination" in G.S. 58-36-25 means *all* proceedings arising out of a disapproval order in a rate filing, including proceedings on remand.

In our earlier decision in this matter we vacated and remanded the Commissioner's order so that he could make additional findings. The Commissioner has indicated that he will receive additional evidence when he reconsiders the filing pursuant to our 15 August 1989 decision remanding the matter. Until the Commissioner has concluded his proceedings, there is no final determination as to the validity or invalidity of the Commissioner's order. At this point, it has yet to be decided who is entitled to receive the funds being

**STATE ex rel. COMR. OF INSURANCE v. N.C. RATE BUREAU**

[102 N.C. App. 809 (1991)]

held in escrow. We believe appellant's reading of "final determination" is contrary to the express language of the statute and frustrates the purpose of holding the funds in escrow. It would be illogical to distribute the funds when the issue of whether they belong to the policyholders or the insurance companies has not yet been decided. Had the Rate Bureau not attempted this interlocutory appeal, that ultimate question might well have been decided before now.

[3] Finally, we note that the Commissioner of Insurance challenges the Rate Bureau's standing to bring this appeal. We find the Commissioner's argument on this question without merit. We note that the Rate Bureau is a "party aggrieved" within the meaning of G.S. 58-2-80. Accordingly, it may challenge orders and decisions of the Commissioner that disapprove premium rates. We see no reason to conclude that the Rate Bureau has standing in this context but not in the context of challenging the distribution of funds under G.S. 58-36-25. Under the Administrative Procedure Act, a "person aggrieved" is defined as "any person or group of persons of common interest directly or indirectly affected substantially in his or its person, property, or employment by an administrative decision." G.S. 150B-2(6). Under the Judicial Review Act, the predecessor to the Administrative Procedure Act, the Supreme Court said: "The expression 'person aggrieved' has no technical meaning. What it means depends on the circumstances involved." *In re Halifax Paper Co.*, 259 N.C. 589, 595, 131 S.E.2d 441, 446 (1963). Here, we think that the Rate Bureau has standing in its capacity as the representative of its members collectively.

For the reasons stated, we dismiss this appeal as interlocutory.

Appeal dismissed.

Judges PHILLIPS and WYNN concur.