STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE, APPELLEE v. NORTH CAROLINA RATE BUREAU, APPELLANT, IN THE MATTER OF A FILING DATED JULY 1, 1987 BY THE NORTH CAROLINA RATE BUREAU FOR REVISED AUTOMOBILE INSURANCE RATES— PRIVATE PASSENGER CARS AND MOTORCYCLES—ON REMAND

No. 9010INS1210

(Filed 1 October 1991)

1. **Insurance § 79.1 (NCI3d) — rate making — failure to distribute funds**

    The Insurance Commissioner did not err by failing to distribute funds held in escrow under N.C.G.S. § 58-36-25(b) following a remand to the Commissioner by the Court of Appeals for further findings. The final determination in N.C.G.S. § 58-36-25(b) means all proceedings arising out of a disapproval order in a rate filing, including proceedings on remand.

    **Am Jur 2d, Insurance §§ 30, 59.**

2. **Insurance § 79.1 (NCI3d) — rate making — remand for further findings — scope of proceedings**

The Insurance Commissioner erred when considering a rate making proceeding on remand for additional findings by receiving evidence beyond what was appropriate to comply with the mandate. While the Commissioner is authorized to receive additional evidence, he may consider only that evidence necessary to explain how *in fact* he resolved the conflicting evidence, what adjustments he made, and which calculations he considered more reliable when he entered the disapproval order.

**Am Jur 2d, Insurance §§ 22, 30.**

APPEAL by North Carolina Rate Bureau from order entered 2 July 1990 by the Commissioner of Insurance. Heard in the Court of Appeals 27 August 1991.

On 1 July 1987 the North Carolina Rate Bureau filed for rate increases for private passenger automobile and motorcycle insurance. In an order dated 1 February 1988 the Commissioner disapproved in part the filing and ordered into effect overall decreases in the existing rates. The Commissioner's action was based on his adoption of expense trends and underwriting profit and contingency provisions lower than those used in the filing. The Rate Bureau appealed. As provided by G.S. 58-36-25(b), the portion of the premium that was disapproved was placed in escrow. By a decision filed 15 August 1989, this Court vacated the 1 February 1988 order and remanded the matter to the Commissioner to make findings to "show *how* he has resolved the conflicting evidence, what adjustments he found necessary to make, and what calculations he considered more reliable." *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 95 N.C. App. 157, 162, 381 S.E.2d 801, 804 (1989) (emphasis in original). On 19 March 1990, the Commissioner issued an amended notice of supplemental hearing on remand. The notice provided that "[a]dditional evidence may be presented by the Rate Bureau and the Insurance Department concerning what consideration is due to dividends, deviations, underwriting profit and contingencies in the making and use of rates." A public hearing was held beginning 14 May 1990. On 2 July 1990 after considering the new evidence on the issues presented, the Commissioner again ordered the calculation of the rates using underwriting profit and contingency provisions

STATE EX REL. COMR. OF INS. v. N.C. RATE BUREAU

[104 N.C. App. 211 (1991)]

identical to those contained in the 1 February 1988 order. The Rate Bureau appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Ann W. Spragens; Hunter, Wharton & Lynch, by John V. Hunter III; and E. Daniels Nelson for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, P.A., by Charles H. Young, Jr., Marvin M. Spivey, Jr. and R. Michael Strickland, for the defendant-appellant.*

EAGLES, Judge.

[1] The Rate Bureau first contends that the Commissioner erred by failing to distribute the funds held in escrow under G.S. 58-36-25(b). We disagree.

G.S. 58-36-25(b) provides for the distribution of escrowed funds "upon a final determination by the Court." The Rate Bureau argues that this Court's decision at 95 N.C. App. 157, 381 S.E.2d 801 (1989), which remanded the matter to the Commissioner for further findings, constituted a "final determination" under G.S. 58-36-25(b). The Rate Bureau also contends that the Commissioner's disapproval order entered 1 February 1988 was legally insufficient and that the rates were therefore deemed approved under G.S. 58-36-70(d).

This Court has addressed both of these arguments in another appeal by the Rate Bureau arising from the 1 July 1987 filing. In that appeal the Rate Bureau filed a motion seeking release of the same escrowed funds. The Commissioner denied the motion and the Rate Bureau appealed. This Court dismissed the appeal as interlocutory but said that " 'final determination' in G.S. 58-36-25 means *all* proceedings arising out of a disapproval order in a rate filing, including proceedings on remand." *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau,* 102 N.C. App. 809, 812, 403 S.E.2d 597, 599 (1991). We find the Rate Bureau's arguments unpersuasive for the same reasons as set out in our earlier opinion.

[2] Next, the Rate Bureau contends that the remand order entered 2 July 1990 "constitutes a new order which can have no retroactive effect." The Rate Bureau argues that the new hearing went beyond explaining the original order and that "the Commissioner simply undertook to start over with *new* issues and to put evidence in the record from which he could attempt to fashion some rationale

for arriving at the same underwriting profit provisions he started with in the Original Order." We agree that the Commissioner's order on remand went beyond explaining the original order and must be vacated.

This Court's opinion in *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 95 N.C. App. 157, 162, 381 S.E.2d 801, 804 (1989) (emphasis in original), remanded the matter to the Commissioner to "make findings that clearly show *how* he has resolved the conflicting evidence, what adjustments he found necessary to make, and what calculations he considered more reliable." The opinion also provided: "The Commissioner is authorized to receive additional evidence if deemed necessary to comply with this opinion."

Here, the Commissioner's amended notice of supplemental hearing on remand provided:

Additional evidence may be presented by the Rate Bureau and the Insurance Department concerning what consideration is due dividends, deviations, underwriting profit and contingencies in the making and use of rates in the filing referred to above, under the rule of application and for the period adopted by the Rate Bureau for the use of such rates in the earlier proceeding in this matter.

II. Specifically, the Commissioner will receive evidence concerning the following issues:

A. How dividends should be considered in making the referenced rates, including methods and amounts as merited;

B. How deviations should be considered in making the referenced rates, including methods and amounts as merited;

C. Whether Generally Accepted Accounting Principles or Statutory Accounting Principles are appropriate for use in determining a reasonable margin for underwriting profit. and contingencies in making the referenced rates, including methods of application as merited;

D. What premium to surplus ratios are appropriate for use in determining a reasonable margin for underwriting profit and contingencies in making the referenced

STATE ex rel. COMR. OF INS. v. N.C. RATE BUREAU

[104 N.C. App. 211 (1991)]

rates, including methods by which the ratios are derived; and

E. To what extent should the unearned premium reserve be treated as policyholders' funds and available for investment, in determining a reasonable margin for underwriting profit and contingencies in making the referenced rates, including methods of application as merited?

F. What is the amount of loss reserves available for investment in determining a reasonable margin for underwriting profit and contingencies in making the referenced rates, including methods of application as merited?

Here the Commissioner received evidence concerning matters beyond what was appropriate to comply with the mandate of this Court. On remand, the Commissioner erroneously reconsidered how the rates should be calculated rather than explaining how he arrived at the conclusions and calculations in his 1 February 1988 disapproval order. Accordingly, we again remand the matter to the Commissioner to make the findings required by this Court's decision in *State of North Carolina ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 95 N.C. App. 157, 381 S.E.2d 801 (1989). We emphasize that while the Commissioner is authorized to receive additional evidence, he may consider only that evidence which is necessary to explain how *in fact* he resolved the conflicting evidence, what adjustments he made, and which calculations he considered more reliable when he entered the disapproval order on 1 February 1988.

Because we hold that the order entered 2 July 1990 must be vacated and remanded for additional proceedings consistent with this opinion and this Court's opinion reported at 95 N.C. App. 157, 381 S.E.2d 801 (1989), we find it unnecessary to address the Rate Bureau's remaining assignments of error.

Vacated and remanded.

Judges JOHNSON and PARKER concur.