LIVING CENTERS-SOUTHEAST, INC., LUTHERAN RETIREMENT CENTER-WILMINGTON INCORPORATED, AND NEW HANOVER HEALTH CARE CENTER, L.L.C., PETITIONERS v. N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT AND THE DEVIN PARTNERSHIP AND DEVIN HEALTH CARE ASSOCIATES LLC, LIVING CENTERS-SOUTHEAST, INC., LUTHERAN RETIREMENT CENTER-WILMINGTON INCORPORATED, AND NEW HANOVER HEALTH CARE CENTER, L.L.C., RESPONDENT-INTERVENORS

No. COA99-795

(Filed 5 July 2000)

**Hospitals and Other Medical Facilities— certificate of need— nursing facility beds—summary judgment by ALJ**

A certificate of need case involving nursing facility beds was remanded for a full adjudicatory hearing by OAH where an administrative law judge granted motions for summary judgment and the Department issued its final agency decision without hearing

IN THE COURT OF APPEALS          573

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

new evidence. A full adjudicatory hearing is appropriate in a certificate of need contested case involving two or more applicants; there will always be genuine issues of fact as to who is the superior applicant where two or more applicants conform to the majority of the criteria in N.C.G.S. § 131E-183 and are reviewed comparatively and it is imperative that the record contain all evidence at the OAH level. The ALJ in this case neither reviewed the initial agency comparative analysis and award nor conducted one on her own and should not have rendered her recommended decision after only reviewing the conformity of each applicant with the criteria of N.C.G.S. § 131E-183.

Appeal by New Hanover Health Care Center, L.L.C., Lutheran Retirement Center-Wilmington, Inc., and Living Centers-Southeast, Inc., from a final agency decision entered 24 March 1999 by Lynda D. McDaniel, Director of Division of Facility Services for the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 27 March 2000.

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Mary Beth Johnston, for petitioner-appellant Living Centers-Southeast, Inc.*

*Smith Helms Mulliss & Moore, L.L.P., by Maureen Demarest Murray, for petitioner-appellant Lutheran Retirement Center-Wilmington Incorporated.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Renée J. Montgomery, for petitioner-appellant New Hanover Health Care Center, L.L.C.*

*Attorney General Michael F. Easley, by Assistant Attorney General Staci Tolliver Meyer and Special Deputy Attorney General James A. Wellons, for respondent-appellee N.C. Department of Health and Human Services.*

*Poyner & Spruill, L.L.P., by William R. Shenton, for respondent-intervenor-appellee Devin Partnership and Devin Health Care Associates, L.L.C.*

HUNTER, Judge.

Petitioners Living Centers-Southeast, Inc. ("LC-SE"), Lutheran Retirement Center-Wilmington, Inc. ("Lutheran"), and New Hanover Health Care Center, L.L.C. ("NHHC"), appeal a final agency decision

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

wherein the North Carolina Department of Health and Human Services, Division of Facility Services, Certificate of Need Section ("Department"), by summary judgment, denied each of their applications for a certificate of need and awarded it to Devin Partnership and Devin Health Care Associates, LLC ("Devin"). The certificate of need in question is for the construction of a nursing facility in New Hanover County. Each petitioner alleges that it is the only applicant to meet all of the statutory certificate of need requirements under N.C. Gen. Stat. § 131E-183, thus it should be granted the certificate of need. We remand for a full contested case hearing, which is required in a certificate of need contested case pursuant to N.C. Gen. Stat. § 131E-175, *et seq.*, ("CON Statute").

## CERTIFICATE OF NEED LAW IN NORTH CAROLINA

First, we shall briefly review the history, purpose, and procedure involved in obtaining a certificate of need in North Carolina. "[A]fter Congress passed the National Health Planning and Resource Development Act of 1974 requiring a state certificate of need program as a prerequisite to obtaining federal health program financial grants, our General Assembly enacted [the CON Statute] in 1977." *Hospital Group of Western N.C. v. N.C. Dept. of Human Resources*, 76 N.C. App. 265, 267, 332 S.E.2d 748, 750 (1985). The fundamental purpose of the certificate of need law is to limit the construction of health care facilities in North Carolina to those that are needed by the public and that can be operated efficiently and economically for its benefit. *In re Humana Hosp. Corp. v. N.C. Dept. of Human Resources*, 81 N.C. App. 628, 345 S.E.2d 235 (1986); *see* N.C. Gen. Stat. § 131E-175 (1999).

Under the CON Statute, certificate of need applications are reviewed by the Department after the need for a health care service has been identified. Applications which are received by the Department are normally reviewed for ninety days after the deadline established by the Department. N.C. Gen. Stat. § 131E-185(a) (1999). The Department's initial review consists of a two stage process, which

> is consistent with the language, purpose and overall scheme of the [CON statute].
>
> First, after the [Department] "batches" all applications for competing proposals, the [Department] must review each application independently against the [N.C. Gen. Stat. § 131E-183] criteria (without considering the competing applications) and

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

determine whether it "is either consistent with or not in conflict with these criteria." G.S. § 131E-183(a). . . .

Second, after each application is reviewed on its own merits, the [Department] must decide which of the competing applications should be approved. This decision may include not only whether and to what extent the applications meet the statutory and regulatory criteria, but it may also include other "findings and conclusions upon which it based its decision." G.S. § 131E-186(b). Those additional findings and conclusions give the [Department] the opportunity to explain why it finds one applicant preferable to another on a comparative basis. . . .

*Britthaven, Inc. v. N.C. Dept. of Human Resources,* 118 N.C. App. 379, 385, 455 S.E.2d 455, 460-61, *disc. review denied,* 341 N.C. 418, 461 S.E.2d 754 (1995). The statutory criteria to be reviewed in the first stage include, among other things, documentation of the needs of the subject population, the applicant's financial and operational projections, the availability of necessary resources, and demonstration that the cost, design, and means of the proposed construction represent the most reasonable alternative. N.C. Gen. Stat. § 131E-183(3), (5), (7), (12) (1999). When the review period ends as provided in N.C. Gen. Stat. § 131E-185, the Department must "issue a decision to 'approve,' 'approve with conditions,' or 'deny,' an application for a new institutional health service." N.C. Gen. Stat. § 131E-186(a) (1999). The Department's decision to approve, approve with conditions, or deny an application for a certificate of need is based upon its determination of whether the applicant has complied with the statutory criteria contained in N.C. Gen. Stat. § 131E-183(a) and rules adopted by the agency contained in 10 North Carolina Administrative Code § 3 R.1100, *et seq.* (1991). *Britthaven,* 118 N.C. App. at 382, 455 S.E.2d at 459. After the initial decision has been made, the Department issues a certificate of need within thirty-five days, provided that no request for a contested case hearing has been filed and "all applicable conditions of approval that can be satisfied before issuance of the certificate of need have been met." N.C. Gen. Stat. § 131E-187(a) (1999).

The CON Statute provides that a person affected by the award of a certificate of need may file a petition under the Administrative Procedure Act ("APA"), entitling him to a contested case hearing in the Office of Administrative Hearings ("OAH"). N.C. Gen. Stat. § 131E-188(a) (1999). Once this request has been made, the initial

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

Department award of the certificate of need in question must undergo review in the OAH by an administrative law judge ("ALJ"). N.C. Gen. Stat. § 131E-188(a)(1). Once the contested case petition is filed, an ALJ is assigned within fifteen days, and the parties are required to complete discovery within ninety days after the assignment of the ALJ. N.C. Gen. Stat. § 131E-188(a)(2). Within forty-five days after the end of the discovery period, a "hearing at which sworn testimony is taken and evidence is presented shall be held," and the ALJ must make a non-binding recommended decision within seventy-five days after the hearing. N.C. Gen. Stat. § 131E-188(a)(3), (4). After the recommended decision has been issued, the ALJ compiles an official record in the case, which contains:

(1) Notices, pleadings, motions, and intermediate rulings;

(2) Questions and offers of proof, objections, and rulings thereon;

(3) Evidence presented;

(4) Matters officially noticed, except matters so obvious that a statement of them would serve no useful purpose; and

(5) Repealed . . . .

(6) The administrative law judge's recommended decision or order.

N.C. Gen. Stat. § 150B-37(a)(1)-(6) (1999). Once the Department receives the official record, it is required to a make a final decision in the case within thirty days. N.C. Gen. Stat. § 131E-188(a)(5). "The Department shall issue a certificate of need within five days after . . . the final agency decision has been made following a contested case hearing, and all applicable conditions of approval that can be satisfied before issuance of the certificate of need have been met." N.C. Gen. Stat. § 131E-187(b).

## FACTS

The facts relevant to the present appeal indicate that in 1997, the State Medical Facilities Plan identified the need for 110 additional nursing facility beds for New Hanover County. Devin, LC-SE, Lutheran, and NHHC, along with several other applicants, filed applications with the Agency for a certificate of need pursuant to this plan.

In its initial decision dated 28 January 1998, the Department found that LC-SE conformed to all certificate of need criteria under

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

N.C. Gen. Stat. § 131E-183, but that Devin, Lutheran, and NHHC did not conform to all criteria. Nevertheless, the Department determined that Devin's application was comparatively superior to all others and granted Devin the certificate of need subject to thirteen conditions. After this initial decision had been entered, LC-SE, Lutheran and NHHC filed petitions for a contested case hearing. These cases were consolidated for hearing and each party was granted permission to intervene in the other parties' contested case.

NHHC filed a motion for summary judgment against Devin, arguing that Devin failed to demonstrate conformity with N.C. Gen. Stat. § 131E-183(a)(5) ("Criterion 5"), as a matter of law. Criterion 5 provides that an applicant must provide financial and operational projections for the project which "demonstrate the availability of funds for capital and operating needs as well as the immediate and long-term financial feasibility of the proposal." N.C. Gen. Stat. § 131E-183(a)(5) (1999). The ALJ heard the motions regarding Devin's application on 2 June 1998. She granted NHHC's motion and entered an "interlocutory" recommended decision that Devin's application be denied on summary judgment, finding that Devin did not conform with Criterion 5, and that no genuine issues of material fact existed. In her conclusions of law, the ALJ stated:

> 8. The CON Section is authorized pursuant to N.C.G.S. § 131E-186(a) to approve a CON application with conditions; however, in a competitive review, it is arbitrary and capricious for the Agency to use conditions to obtain statutorily required information to complete a nonconforming application. To do so places the conditionally-approved nonconforming applicant at an unfair advantage over the unapproved nonconforming applicants. N.C.G.S. § 131E-183(a) requires that the Agency determine that ". . . an *application* is either consistent with or not in conflict with these [statutory] criteria before a certificate of need for the proposed project shall be issued." (Emphasis added.) . . . .

In her final conclusion of law concerning Devin's application, the ALJ stated: "Because this recommended decision addressed one issue in this contested case, the undersigned concluded that it was interlocutory in nature and therefore, not subject to review for final agency decision at that time."

Summary judgment motions on the other applications were heard on 18 September 1998, and the ALJ entered a "final" recommended

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

decision on 24 November 1998 where she restated the interlocutory decision regarding Devin's application, and awarded summary judgment against LC-SE, Lutheran, and NHHC, contending that none of them complied with all of the criteria in N.C. Gen. Stat. § 131E-183, and thus should not be awarded the certificate of need. The ALJ did not review the Department's initial comparative analysis of the applications and award. Apparently, because the ALJ determined that no applicant satisfied the statutory criteria based on summary judgment motions, a comparative analysis and award was not necessary in her recommended decision.

On 24 March 1999, Lynda D. McDaniel, the Director of Facility Services for the Department, entered a final agency decision as required under the APA, wherein the ALJ's recommended decision was rejected. The final agency decision denied the motion for summary judgment against Devin's application, which had been recommended by the ALJ. It stated that Devin had properly been granted the certificate of need subject to certain conditions in the initial decision and that Devin was comparatively superior to all other applicants in the initial comparative review. The final agency decision determined that LC-SE conformed to all criteria under N.C. Gen. Stat. § 131E-183, and rejected the recommended summary judgment against LC-SE, as it concluded that there was an issue of fact as to whether LC-SE had amended its application based on restructuring of LC-SE's parent corporation, and an amendment is prohibited under *Presbyterian-Orthopaedic Hosp. v. N.C. Dept. of Human Resources,* 122 N.C. App. 529, 537, 420 S.E.2d 831, 836, (1996), *review improv. allowed,* 346 N.C. 267, 485 S.E.2d 294 (1997). The final agency decision stated that summary judgment against Lutheran's and NHHC's applications was proper because, as a matter of law, they did not conform to all statutory criteria. Thus, the final agency decision awarded the certificate of need to Devin. Petitioners appeal the final agency decision.

## STANDARD OF REVIEW

Trial and appellate court review of administrative agency decisions are governed by the APA, N.C. Gen. Stat. § 150B-1 *et seq. See Eury v. N.C. Employment Security Comm.,* 115 N.C. App. 590, 596, 446 S.E.2d 383, 387, *disc. review denied,* 338 N.C. 309, 451 S.E.2d 635 (1994). This Court must first make two determinations when reviewing a final decision in a contested case in which an ALJ made a recommended decision:

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

First, the court shall determine whether the agency heard new evidence after receiving the recommended decision. If the court determines that the agency heard new evidence, the court shall reverse the decision or remand the case to the agency to enter a decision in accordance with the evidence in the official record. Second, if the agency did not adopt the recommended decision, the court shall determine whether the agency's decision states the specific reasons why the agency did not adopt the recommended decision. If the court determines that the agency did not state specific reasons why it did not adopt a recommended decision, the court shall reverse the decision or remand the case to the agency to enter specific reasons. N.C. Gen. Stat. § 150B-51(a) (1999).

*Dialysis Care of N.C. v. N.C. Dept. of Health and Human Services*, 137 N.C. App. 638, 644-45, 529 S.E.2d 257, 260-61 (2000). If the case passes our review under this statute, thereafter our standard of review is governed by N.C. Gen. Stat. § 150B-51(b). This statute provides, in pertinent part, that we may (1) affirm the agency's decision; (2) remand the case for further proceedings; or, (3) modify or reverse the decision of the Department if the petitioners' substantial rights may have been prejudiced because the Department's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b)(1)-(6) (1999).

### Application

First, we note that our review under N.C. Gen. Stat. § 150B-51(a) indicates that the Department did not hear new evidence after receiving the recommended decision from the ALJ, and that its decision states the specific reasons why the agency did not adopt the rec-

580    IN THE COURT OF APPEALS

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

ommended decision. Therefore, we are governed by N.C. Gen. Stat. § 150B-51(b). We have considered this issue, and based on our review and pursuant to N.C. Gen. Stat. § 150B-51(b), we choose to remand the case at bar for further proceedings in the form of a full adjudicatory hearing in the OAH.

Our General Assembly has chosen to give a losing applicant in an initial decision for a certificate of need the opportunity to have the decision reviewed in a contested case hearing before an ALJ. *See* N.C. Gen. Stat. § 131E-188(a). The CON Statute provides, in pertinent part: "The hearing at which sworn testimony is taken and evidence is presented *shall* be held within 45 days after the end of the discovery period." N.C. Gen. Stat. § 131E-188(a)(3) (emphasis added). "[O]rdinarily, the word "must" and the word "shall," in a statute, are deemed to indicate a legislative intent to make the provision of the statute mandatory . . . . *State v. House*, 295 N.C. 189, 203, 244 S.E.2d 654, 662 (1978). " 'In seeking to discover and give effect to the legislative intent, an act must be considered as a whole, and none of its provisions shall be deemed useless or redundant if they can reasonably be considered as adding something to the act which is in harmony with its purpose.' " *In re Easement in Fairfield Park*, 90 N.C. App. 303, 309, 368 S.E.2d 639, 642 (1988) (quoting *State v. Harvey*, 281 N.C. 1, 19-20, 187 S.E.2d 706, 718 (1972)). Our review of the individual statutes within the CON Statute, *in pari materia*, indicates that this article grants applicants a full contested case hearing at which they are allowed to present testimony and evidence contained in their applications.

This process also protects the applicants' due process rights. The United States Supreme Court has held, in a similar factual scenario that "where two bona fide applications are mutually exclusive" in the application process for a construction permit under the Federal Communications Act, "the grant of one without a hearing to both deprives the loser of the opportunity which Congress chose to give him." *Ashbacker Radio Corp. v. Federal Com. Com.*, 326 U.S. 327, 333, 90 L. Ed. 108, 113 (1945). Similarly, our General Assembly chose to give disenfranchised applicants for a certificate of need an opportunity to be heard in a full adjudicatory hearing under the CON Statute. N.C. Gen. Stat. § 131E-175, *et. seq.*

Based on the foregoing authority, a full adjudicatory hearing is appropriate in a certificate of need contested case involving two or more applicants. Additionally, we believe that it is inherent that where two or more certificate of need applicants *conform to the*

LIVING CENTERS-SOUTHEAST, INC. v. N. C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 572 (2000)]

*majority of the criteria in N.C. Gen. Stat. § 131E-183*, as in the case at bar, and are reviewed comparatively, there will always be genuine issues of fact as to who is the superior applicant. Our reasoning is in accord with the CON Statute, which does not contemplate the preclusion of a full contested case hearing in a certificate of need case due to a recommended decision of summary judgment by the ALJ. Additionally, because the Department can only base its final decision on the official record developed in the OAH, it is imperative that the record contain all evidence at this level. We recognize that the evidence presented to the ALJ is "limited to the evidence that is presented or available to the [Department] during the [initial] review period." *Britthaven*, 118 N.C. App. at 382, 455 S.E.2d at 459 (*citing In re Application of Wake Kidney Clinic*, 85 N.C. App. 639, 355 S.E.2d 788, *disc. review denied*, 320 N.C. 793, 361 S.E.2d 89 (1987); *see also* 2 Am. Jur. 2d, *Administrative Law* § 299 (1994) ("[U]pon resumption of formal proceedings all evidence presented in the informal proceeding becomes part of the record of the formal proceeding")). However, this limitation does not preclude a full adjudicatory hearing as required by the CON Statute.

We note that the ALJ in the present case neither reviewed the initial agency comparative analysis and award, nor conducted one on her own. This was error, as "[t]he subject matter of a contested case hearing by the ALJ is an agency decision." *Britthaven*, 118 N.C. App. at 382, 455 S.E.2d at 459. Thus, the ALJ should not have rendered her recommended decision after only reviewing the conformity of each applicant with the criteria in N.C. Gen. Stat. § 131E-183. To the contrary, she should have reviewed the Department's full initial decision, which follows the two-stage process which we have quoted from *Britthaven*.

Based on the foregoing, we remand the present case to the Department, which shall remand to the OAH for a full adjudicatory hearing in accordance with this opinion. Our ruling is in accordance with the CON Statute, as it protects the applicants' due process rights, allows the record to be fully developed, and encourages judicial economy.

We note that "even though an appeal is fragmentary and premature, the appellate court may exercise its discretionary power to express an opinion upon the question which appellant has attempted to raise." *State ex rel. Comr. of Insurance v. N.C. Rate Bureau*, 102 N.C. App. 809, 812, 403 S.E.2d 597, 599 (1991) (citing *Cowart v. Honeycutt*, 257 N.C. 136, 140, 125 S.E.2d 382, 385 (1962)). Many of the

assignments of error in the present appeal concern the issue of whether or not a certificate of need may be found to conform to the statutory criteria in N.C. Gen. Stat. § 131E-183 based on conditional approval, and most of them particularly concern Criterion 5. While we do not express an opinion at this time as to whether any of the applicants in the case at bar may conform with statutory criteria due to a conditional approval, we direct the parties to our recent holdings in *Burke Health Investors v. N.C. Dept. of Human Resources*, 135 N.C. App. 568, 522 S.E.2d 96 (1999), and *Dialysis Care of N.C. v. N.C. Dept. of Health and Human Services*, 137 N.C. App. 638, 529 S.E.2d 527 (2000).

Due to our holding, we do not address any of the other issues presented by petitioners. Accordingly, this case is remanded for proceedings in accordance with this opinion.

Remanded.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.