**PRESBYTERIAN HOSP. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.**

[177 N.C. App. 780 (2006)]

––––––––––

THE PRESBYTERIAN HOSPITAL, Petitioner v. N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, Respondent and MOORESVILLE HOSPITAL MANAGEMENT ASSOCIATES, INC. d/b/a LAKE NORMAN REGIONAL MEDICAL CENTER, Respondent-Intervenor

No. COA05-905

(Filed 6 June 2006)

**Administrative Law— final agency decision—certificate of need—summary judgment—judicial estoppel**

A de novo review revealed that the Department of Health and Human Services did not err by granting summary judgment in favor of respondent medical center for its application of a certificate of need (CON) to expand emergency room facilities, because: (1) although summary judgment is never appropriate for an application

for a CON where two or more applicants conform to the majority of the statutory criteria, respondent was the sole applicant for a non-competitive CON; (2) although petitioner hospital primarily asserts that substantial prejudice to its legal rights may result from continued challenges by respondent to its Huntersville project, our Supreme Court has recently dismissed this challenge as moot on the ground that the facility was completed and fully operational; and (3) judicial estoppel does not bar respondent's legal position in the instant case where petitioner has made no showing of substantial prejudice from the grant of the CON to respondent.

Appeal by petitioner from a final agency decision entered 20 April 2004 by the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 15 March 2006.

*Nelson Mullins Riley & Scarborough, LLP, by Noah H. Huffstetler, III, Denise M. Gunter, Catharine W. Cummer, and Lisa R. Gordon, for petitioner-appellant.*

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Melissa L. Trippe, for respondent-appellee.*

*Smith Moore LLP, by Maureen Demarest Murray and William W. Stewart, Jr., for respondent-intervenor-appellee.*

HUNTER, Judge.

The Presbyterian Hospital ("Presbyterian") appeals from a final agency decision of the North Carolina Department of Health and Human Services ("DHHS") entered 20 April 2004. For the reasons stated herein, we affirm the final agency decision.

Lake Norman Regional Medical Center ("Lake Norman") filed a Certificate of Need ("CON") application to expand emergency room facilities with DHHS on 1 February 2003. The application was conditionally approved on 11 March 2003. On 9 April 2003, Presbyterian filed a contested case petition in the Office of Administrative Hearings ("OAH"), appealing the conditional approval of Lake Norman's CON application. Lake Norman filed a motion to intervene which was granted 13 May 2003.

Presbyterian filed a motion for summary judgment on 22 October 2003 on the grounds that Lake Norman's application failed to conform with one of the statutory criteria for a CON. On 23 October 2003, Lake Norman filed a motion for summary judgment on the grounds that

Presbyterian could not establish substantial prejudice from the DHHS decision to grant Lake Norman a CON. On 7 November 2003, Presbyterian filed a second motion for summary judgment on the grounds that *res judicata* barred Lake Norman's application.

A recommended decision was filed on 19 December 2003. The administrative law judge found that summary judgment should be entered in favor of DHHS and Lake Norman, and that Lake Norman should be awarded a CON. The administrative law judge concluded that Presbyterian had failed to prove an essential element of its claim, that it would be harmed by the grant of Lake Norman's application.

On 29 March 2004, Presbyterian submitted written exceptions to DHHS. On 20 April 2004, DHHS issued its final agency decision accepting the administrative law judge's recommended decision and affirming the original award of a CON to Lake Norman. Presbyterian appeals.

I.

We first address the appropriate standard of review for an appeal from a final agency decision. "The substantive nature of each assignment of error controls our review of an appeal from an administrative agency's final decision." *Craven Reg'l Med. Auth. v. Dep't of Health & Human Servs.*, 176 N.C. App. 46, 51, 625 S.E.2d 837, 840(2006). "Where a party asserts an error of law occurred, we apply a *de novo* standard of review." *Id.* If the issue on appeal concerns an allegation that the agency's decision is arbitrary or capricious or " 'fact-intensive issues "such as sufficiency of the evidence to support [an agency's] decision" ' we apply the whole-record test." *Id.* (quoting *North Carolina Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 659, 599 S.E.2d 888, 894 (2004)). As summary judgment is a matter of law, *Hilliard v. N.C. Dep't of Corr.*, 173 N.C. App. 594, 597-98, 620 S.E.2d 14, 17 (2005), review by the Court in this matter is *de novo.*

II.

Presbyterian first contends the final agency decision granting summary judgment to Lake Norman was in error. We disagree.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hilliard*, 173 N.C. App. at 597-98, 620 S.E.2d at 17. " 'The burden is upon the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.' " *Rainey v. St.Lawrence Homes, Inc.*, 174 N.C. App. 611, 612, 621

S.E.2d 217, 219 (2005) (citation omitted).

> To meet its burden, the movant is required to present a forecast of the evidence available at trial that shows there is no material issue of fact concerning an essential element of the non-movant's claim and that the element could not be proved by the non-movant through the presentation of further evidence.

*Lohrmann v. Iredell Mem'l Hosp. Inc.*, 174 N.C. App. 63, 70, 620 S.E.2d 258, 261, (2005), *disc. review denied*, 360 N.C. 364, 629 S.E.2d 853 (2006). "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000).

This Court has previously held that, as genuine material issues of fact will always exist, summary judgment is never appropriate in an application for a CON where two or more applicants conform to the majority of the statutory criteria. *See Living Centers-Southeast, Inc. v. N.C. Dep't of Health & Human Servs.*, 138 N.C. App. 572, 580-81, 532 S.E.2d 192, 197 (2000). We find the facts of this case distinguishable. Here, unlike in *Living Centers-Southeast*, Lake Norman was the sole applicant for a non-competitive CON. Therefore, an award of summary judgment is permissible in this matter.

We first examine the statutory requirements for contesting the issuance of a CON by DHHS. Review of a decision by DHHS to issue a CON is governed by N.C. Gen. Stat. § 131E-188(a) (2005), which states in part:

> After a decision of the Department to issue, deny or withdraw a certificate of need or exemption or to issue a certificate of need pursuant to a settlement agreement with an applicant to the extent permitted by law, any affected person, as defined in subsection (c) of this section, shall be entitled to a contested case hearing under Article 3 of Chapter 150B of the General Statutes.

*Id.* A contested case is commenced by the filing of a petition which

> shall state facts tending to establish that the agency named as the respondent has deprived the petitioner of property, has ordered the petitioner to pay a fine or civil penalty, or has *otherwise substantially prejudiced the petitioner's rights* and that the agency:
>
> (1) Exceeded its authority or jurisdiction;

(2) Acted erroneously;

(3) Failed to use proper procedure;

(4) Acted arbitrarily or capriciously; or

(5) Failed to act as required by law or rule.

N.C. Gen. Stat. § 150B-23(a) (2005) (emphasis added). In *Britthaven, Inc. v. N.C. Dept. of Human Resources*, 118 N.C. App. 379, 455 S.E.2d 455 (1995), this Court stated:

> The subject matter of a contested case hearing by the ALJ is an agency decision. Under N.C. Gen. Stat. § 150B-23(a), *the ALJ is to determine whether the petitioner has met its burden in showing that the agency substantially prejudiced petitioner's rights,* and that the agency also acted outside its authority, acted erroneously, acted arbitrarily and capriciously, used improper procedure, or failed to act as required by law or rule.

*Id.* at 382, 455 S.E.2d at 459 (emphasis added).

Presbyterian, in its Petition for a Contested Case Hearing, alleged that they were an aggrieved party because as "a provider of identical services in HSA III, [Presbyterian] is a person directly and indirectly affected substantially in its person and property by the Agency's foregoing decision, which interferes with Presbyterian's ability to carry out its lawful business in HSA III." Presbyterian primarily asserts that substantial prejudice to its legal rights may result from continued challenges by Lake Norman to its Huntersville project, a hospital to be constructed by Presbyterian in a neighboring community. We note that our Supreme Court recently dismissed this challenge as moot in *Mooresville Hosp. Mgmt. Assocs. v. N.C. Dep't of Health & Human Servs.*, 360 N.C. 156, 157-58, 622 S.E.2d 621, 622 (2005), on the grounds that the Huntersville facility was completed and fully operational.

Presbyterian also contends that judicial estoppel prevents Lake Norman from asserting that Presbyterian has not suffered substantial prejudice, due to Lake Norman's position in *Mooresville.* " ' "[J]udicial estoppel forbids a party from asserting a legal position inconsistent with one taken earlier in the same or related litigation." ' " *Price v. Price,* 169 N.C. App. 187, 191, 609 S.E.2d 450, 452 (2005) (citations omitted). We note that although both the instant case and *Mooresville* are appeals from CON determinations by DHHS, the cases are not related litigation and do not stem from a common set of circumstances. Therefore, judicial estoppel does not bar Lake Norman's legal position in the instant

case where Presbyterian has made no showing of substantial prejudice from the grant of the CON to Lake Norman.

A review of the record shows that no material issue of fact exists as to an essential element of the non-movant's claim, as Presbyterian has failed to forecast evidence of substantial prejudice to its rights from the grant of a CON to Lake Norman for expansion of its emergency room facilities. Presbyterian's assignment of error is overruled.

As the final agency decision properly granted summary judgment to Lake Norman, we do not reach Presbyterian's remaining assignments of error regarding Presbyterian's own motions for summary judgment not reached by the final agency decision. For the foregoing reasons, the final agency decision is affirmed.

Affirmed.

Judges HUDSON and BRYANT concur.