IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-199

No. COA21-318

Filed 5 April 2022

Office of Administrative Hearings, Nos. 20 DHR 2366–67

BIO-MEDICAL APPLICATIONS OF NORTH CAROLINA INC d/b/a BMA OF SOUTH GREENSBORO and FRESINIUS KIDNEY CARE WEST JOHNSTON, Petitioner,

v.

NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE OF NEED SECTION, Respondent,

and

TOTAL RENAL CARE OF NORTH CAROLINA, LLC, d/b/a CENTRAL GREENSBORO DIALYSIS and CLAYTON DIALYSIS, Respondent-Intervenor.

Appeal by Petitioner from final decision entered 3 November 2020 by Administrative Law Judge Stacey Bice Bawtinhimer in the Office of Administrative Hearings. Heard in the Court of Appeals 14 December 2021.

*Fox Rothschild LLP, by Marcus C. Hewitt and Elizabeth Sims Hedrick, for Petitioner-Appellant.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Derek L. Hunter and Assistant Attorney General Kimberly M. Randolph, for Respondent-Appellee.*

*Wyrick Robbins Yates & Ponton LLP, by Lee M. Whitman and J. Blakely Kiefer, for Respondent-Intervenor-Appellee.*

GRIFFIN, Judge.

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

¶ 1        Petitioner Bio-Medical Applications of North Carolina, Inc., appeals from a final decision granting summary judgment in favor of Respondent North Carolina Department of Health and Human Services and Respondent-Intervenor Total Renal Care, LLC.   BMA argues that the administrative law judge erred by granting summary judgment in favor of DHHS and TRC.   After review, we affirm the ALJ's decision.

## I.    Factual and Procedural Background

¶ 2        BMA and TRC own and operate kidney dialysis clinics across North Carolina. N.C. Gen. Stat. § 131E-178(a) provides that any entity seeking to "offer or develop a new institutional health service[,]" including dialysis clinics, must first apply for and obtain a certificate of need ("CON") from DHHS.   N.C. Gen. Stat. § 131E-178(a) (2019).

¶ 3        In July 2019, a "Semiannual Dialysis Report ('SDR') identified a deficit of 20 dialysis stations in Guilford County" and "a deficit of 12 dialysis stations in Johnston County."   Pursuant to the SDR, DHHS could approve no more than the number of stations necessary to satisfy the deficit in each county.

¶ 4        On 15 July 2019, BMA and TRC each "submitted competing applications to the CON Section[s]" for Guilford and Johnston Counties.   In its application for the Guilford County service area, "BMA proposed to relocate 12 existing dialysis stations" to Guilford County, and "TRC proposed to develop a new 10-station dialysis facility

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

in Guilford County[.]" Because the total number of stations proposed by BMA and TRC exceeded the deficit identified in the SDR, BMA's and TRC's applications "could not both be approved as proposed." Similarly, BMA's and TRC's CON applications for the Johnston County service area could not both be approved because, collectively, the number of proposed stations in their applications exceeded the deficit identified in the SDR.

¶ 5 On 20 December 2019, "the CON Section found both Guilford County applications conforming to all applicable statutory and regulatory criteria." DHHS approved TRC's application in full and partially approved BMA's application, allowing BMA to "develop 10 of the 12 dialysis stations it proposed." DHHS also "found both Johnston County applications conforming to all applicable statutory and regulatory criteria." DHHS again approved TRC's application in full and partially granted BMA's application, allowing BMA to "relocate 2 of the 4 requested dialysis stations" to Johnston County.

¶ 6 On 17 January 2020, BMA appealed DHHS's decisions as to both its Guilford and Johnston County applications by filing petitions for contested case hearings with the Office of Administrative Hearings. BMA subsequently filed a motion for summary judgment, arguing that its "rights were substantially prejudiced by [DHHS's] decisions" and that DHHS erred by granting TRC's applications. DHHS and TRC, as a party intervenor, jointly filed a cross-motion for summary judgment,

BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

contending that BMA could not "show that it was substantially prejudiced by [DHHS's] decision[s.]"

¶ 7 On 6 October 2020, a hearing was held on the parties' motions for summary judgment, after which the ALJ entered a final decision granting DHHS's and TRC's joint motion for summary judgment because BMA failed to establish that DHHS substantially prejudiced BMA by denying its CON applications. BMA timely filed notice of appeal from the final decision.

## II. Analysis

¶ 8 BMA argues that the ALJ erred by granting DHHS's and TRC's motion for summary judgment because (1) requiring BMA to demonstrate substantial prejudice violated its "unconditional statutory right to administrative review" and (2) even if BMA was required to demonstrate substantial prejudice, the ALJ erred in finding that BMA did not demonstrate substantial prejudice. We hold that BMA is required to demonstrate substantial prejudice pursuant to N.C. Gen. Stat. § 150B-23(a) and that BMA has not met its burden. We therefore affirm the ALJ's final decision.

¶ 9 "As summary judgment is a matter of law, review by this Court in this matter is *de novo.*" *Presbyterian Hosp. v. N.C. Dep't of Health & Hum. Servs.*, 177 N.C. App. 780, 782, 630 S.E.2d 213, 214 (citation omitted).

> The burden is upon the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. To meet

BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

> its burden, the movant is required to present a forecast of the evidence available at trial that shows there is no material issue of fact concerning an essential element of the non-movant's claim and that the element could not be proved by the non-movant through the presentation of further evidence.

*Id.* at 782–83, 630 S.E.2d at 215 (citation and internal quotation marks omitted).

## A. Substantial Prejudice Requirement

BMA argues that it is not required to demonstrate substantial prejudice "or other injury in fact because the legislature has granted it an unconditional right to administrative review[.]" We disagree.

"After a decision of the Department to issue, deny or withdraw a certificate of need[,] . . . , any affected person . . . shall be entitled to a contested case hearing under Article 3 of Chapter 150B of the General Statutes." N.C. Gen. Stat. § 131E-188(a) (2019). Applicants for a certificate of need are considered "affected persons" under the CON statutes. *Id.* § 131E-188(c). "In addition to meeting this prerequisite to filing a petition for a contested case hearing regarding CONs, the petitioner must also satisfy the actual framework for *deciding* the contested case as laid out in section 150B-23(a) of . . . the General Statutes." *Surgical Care Affiliates, LLC v. N.C. Dep't of Health & Hum. Servs.*, 235 N.C. App. 620, 623, 762 S.E.2d 468, 471 (2014) (internal quotation marks and brackets omitted).

N.C. Gen. Stat. § 150B-23(a) provides in pertinent part:

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

> A party that files a petition shall . . . state facts tending to establish that the agency named as the respondent has deprived the petitioner of property, has ordered the petitioner to pay a fine or civil penalty, *or has otherwise substantially prejudiced the petitioner's rights* and that the agency did any of the following:
>
> > (1) Exceeded its authority or jurisdiction.
> >
> > (2) Acted erroneously.
> >
> > (3) Failed to use proper procedure.
> >
> > (4) Acted arbitrarily or capriciously.
> >
> > (5) Failed to act as required by law or rule.
>
> The parties in a contested case shall be given an opportunity for a hearing without undue delay. Any person aggrieved may commence a contested case under this section.

N.C. Gen. Stat. § 150B-23(a) (2019) (emphasis added). "This Court has interpreted subsection (a) to mean that the ALJ in a contested case hearing must determine whether the petitioner has met its burden in showing that the agency substantially prejudiced the petitioner's rights." *Surgical Care Affiliates*, 235 N.C. App. at 624, 762 S.E.2d at 471 (internal quotation marks and brackets omitted); *see also Parkway Urology, P.A. v. N.C. Dep't of Health & Hum. Servs.*, 205 N.C. App. 529, 536–37, 696 S.E.2d 187, 193 (2010) ("Under N.C. Gen. Stat. § 150B-23(a), the ALJ is to determine *whether the petitioner has met its burden in showing that the agency substantially prejudiced petitioner's rights. . . .* [The petitioner's] contention that it was

BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

unnecessary for it to show substantial prejudice to be entitled to relief is contrary to our case law and is without merit." (emphasis in original)).  BMA is thus required to demonstrate substantial prejudice pursuant to N.C. Gen. Stat. § 150B-23(a) and our caselaw construing its requirements.

¶ 13        BMA likens the substantial prejudice requirement to an "injury in fact" requirement for purposes of standing, citing *Committee to Elect Dan Forest v. Employees Political Action Committee*, 376 N.C. 558, 2021-NCSC-6.  This contention is misguided.  Unlike standing, a petitioner has to demonstrate substantial prejudice as part of the merits of its case.  *See Parkway Urology*, 205 N.C. App. at 536, 696 S.E.2d at 193 (describing substantial prejudice as one of "the statutory requirements that must be met in order for a petitioner to be entitled to relief" and part of "[t]he actual framework of *deciding* the contested case" (emphasis in original)).  BMA's argument is an attempt to avoid proving the merits of its case by asking this Court to hold that it is exempt from the substantial prejudice requirement.  This argument is without merit.

## B. Proof of Substantial Prejudice

¶ 14        BMA next argues that the ALJ "erroneously concluded that BMA did not forecast evidence of" substantial prejudice.  By "limit[ing] the number of its own stations that [BMA] could move[,]" BMA contends that DHHS "infringed and deprived [BMA] of its liberty and property rights[,] thereby preventing [BMA] from

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

conducting business as it chooses." We disagree.

¶ 15 "In order to establish substantial prejudice, the petitioner must provide specific evidence of harm resulting from the award of the CON . . . that went beyond any harm that necessarily resulted from additional . . . competition[.]" *Surgical Care Affiliates*, 235 N.C. App. at 631, 762 S.E.2d at 476 (citation omitted). "The harm required to establish substantial prejudice cannot be conjectural or hypothetical" and instead must be "concrete, particularized, and actual or imminent." *Id.* (internal quotation marks omitted).

¶ 16 We hold that BMA did not forecast sufficient evidence of substantial prejudice to survive summary judgment. BMA argues that it was substantially prejudiced by the partial denial of its CON application because it "limited the number of its own stations that [BMA] could move[.]" However, this Court has previously held in multiple cases that a petitioner's "mere status as a denied competitive CON applicant alone is insufficient [to establish substantial prejudice] as a matter of law." *Surgical Care Affiliates, LLC v. N.C. Dep't of Health & Hum. Servs.*, 237 N.C. App. 99, 766 S.E.2d 699, 2014 WL 5770252, at *3 (2014) (unpublished) (citing *CaroMont Health, Inc. v. N.C. Dep't of Health & Hum. Servs.*, 231 N.C. App. 1, 4–5, 751 S.E.2d 244, 248 (2013); *Parkway Urology*, 205 N.C. App. at 536–37, 696 S.E.2d at 193); *Bio-Medical Apps. Of N. Carolina v. N.C. Dep't of Health & Hum. Servs.*, 247 N.C. App. 899, 788 S.E.2d 684, 2016 WL 3166601, at *3–4 (2016) (unpublished) (holding that the

BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

petitioner did not establish substantial prejudice where "the Agency approved [the petitioner] to develop seven dialysis stations instead of the 11 it requested" in its CON application). Accordingly, BMA's argument that partial denial of its CON application constitutes substantial prejudice is without merit.

¶ 17        We note that "[t]his Court has previously held that, as material questions of fact will always exist, summary judgment is never appropriate" where, as here, "two or more applicants conform to the majority of the statutory criteria." *Presbyterian Hosp.*, 177 N.C. App. at 783, 630 S.E.2d at 215 (citing *Living Centers-Southeast v. N.C. Dep't of Health & Hum. Servs.*, 138 N.C. App. 572, 580–81, 532 S.E.2d 192, 197 (2000)). In *Living Centers*, however, the Court held that summary judgment is never appropriate as to the *statutory criteria*, not as to substantial prejudice. *See Living Centers*, 138 N.C. App. at 580–81, 532 S.E.2d at 197 ("[W]e believe that it is inherent that where two or more certificate of need applicants *conform to the majority of the criteria in N.C. Gen. Stat. § 131E-183*, as in the case at bar, and are reviewed comparatively, there will always be genuine issues of fact *as to who is the superior applicant*." (emphasis added)). Substantial prejudice, which was not at issue in *Living Centers*, is a distinct and separate element of a petitioner's claim; agency error as to the statutory criteria is another element. *See, e.g., Britthaven, Inc. v. N.C. Dep't of Hum. Res.*, 118 N.C. App. 379, 382, 455 S.E.2d 455, 459 (1995) ("Under N.C. Gen. Stat. § 150B-23(a), the ALJ is to determine whether the petitioner has met its burden

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

2022-NCCOA-199

*Opinion of the Court*

in showing that the agency substantially prejudiced petitioner's rights, *and that the agency also* acted outside its authority, acted erroneously, acted arbitrarily and capriciously, used improper procedure, or failed to act as required by law or rule." (emphasis added)).

¶ 18        Material questions of fact will of course always exist when both applicants for a competitive CON meet all of the statutory criteria. *Living Centers*, 138 N.C. App. at 580–81, 532 S.E.2d at 197. However, the same cannot be said as to substantial prejudice. The standard for substantial prejudice in our caselaw is clear. The mere fact that BMA will face increased competition because of the partial denial of its CON application is insufficient to establish substantial prejudice as a matter of law. *Surgical Care Affiliates*, 235 N.C. App. at 631, 762 S.E.2d at 476 ("In order to establish substantial prejudice, the petitioner must provide specific evidence of harm resulting from the award of the CON . . . that went beyond any harm that necessarily resulted from additional . . . competition[.]" (citation omitted)).

## III. Conclusion

¶ 19        For the reasons stated herein, we affirm the final decision granting summary judgment in favor of DHHS and TRC.

AFFIRMED.

Judges ZACHARY and WOOD concur.