TOTAL RENAL CARE OF NORTH CAROLINA, LLC, PETITIONER v. NORTH CAROLINA' DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT, BIO-MEDICAL APPLICATIONS OF NORTH CAROLINA, INC., RESPONDENT-INTERVENOR

No. COA04-1133

(Filed 19 July 2005)

**1. Hospitals and Other Medical Facilities— certificate of need proceedings—grounds for modification or reversal—appellate review**

Certificate of need proceedings are exempt from the newly amended portions of N.C.G.S. § 150B-51; those decisions are reviewed on appeal under the previous version of the statute, with modification or reversal of the agency decision controlled by the grounds enumerated in N.C.G.S. § 150B-51(b) (1999). The scope of review associated with each of these grounds is discussed in detail in *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649.

**2. Hospitals and Other Medical Facilities— dialysis machines—certificate of need—competition and choice as comparative factors**

Respondent-agency did not exceed its statutory authority by using enhanced competition and increased consumer choice as key comparative factors when awarding a certificate of need for new dialysis machines. Furthermore, no one asserted that the agency relied on new evidence, respondent specified reasons for rejecting the ALJ's findings of fact, and the agency's findings were supported by substantial evidence.

Appeal by respondent-intervenor and cross-appeal by petitioner from the final decision entered 7 May 2004 by Robert J. Fitzgerald, Director of the Facilities Services Division of the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 20 April 2005.

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

*Poyner & Spruill, LLP, by William R. Shenton and Thomas R. West, for petitioner-appellee.*

*Kennedy Covington Lobdell & Hickman, LLP, by Gary S. Qualls and Colleen M. Crowley, for respondent-intervenor-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General June S. Ferrell, for respondent-appellee.*

ELMORE, Judge.

The North Carolina Department of Health and Human Services (NCDHHS) determined that Greene County needed ten new kidney dialysis machines. This case arises from the determination that Total Renal Care (TRC) be awarded the certificate of need over Bio-Medical Applications (BMA).

TRC and BMA, along with one other company that did not appeal, filed applications with the NCDHHS Certificate of Need Section (CON Section). The CON Section reviewed the applications and ultimately determined that the certificate of need should be awarded to BMA. It determined that TRC's application had failed to meet the criteria set out in N.C. Gen. Stat. § 131E-183, in particular N.C. Gen. Stat. § 131E-183(4) (criterion 4). It also determined that BMA's application met the required criteria and was superior on several comparison levels: continuity of care, staff salaries, and patient charges. TRC properly appealed the decision to an administrative law judge (ALJ) by filing a contested case hearing.

The ALJ recommended reversal of the CON Section's decision. The ALJ determined that the CON Section's assessment that TRC did not comply with criterion 4 was erroneous. The CON Section believed that a company named Hillco owned 15% of TRC, and under the NCDHHS's application of criterion 4, Hillco should have been a co-applicant. But at the contested case hearing TRC proved it was independent and its application was complete, conforming to all statutory and regulatory criteria.

The ALJ also found and concluded that BMA's application was non-conforming, reversing the CON Section's determination on that point. The ALJ determined that BMA's application failed to conform or was in conflict with criteria 4, 5, and 12 of section 131E-183. The ALJ found that BMA's application was depending heavily upon "a lessor," to be determined later by competitive bidding. This lessor would "upfit, install, and build" to NCDHHS and BMA specifications

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

a building that BMA would lease. The ALJ found that BMA had failed to include a necessary co-applicant and properly list its necessary costs, thus making its application nonconforming.

The ALJ further reviewed the CON Section's determination that BMA's application was superior in a comparative analysis. The ALJ reviewed the factors allegedly giving BMA an edge and determined the following: 1) the CON Section had miscalculated staff salaries, TRC actually having higher salaries; 2) there was no clear winner with regard to patient charges; and 3) neither company enjoyed an advantage on continuity of care since both would allow patients to use their current doctors. Following this reasoning, the ALJ recommended a decision to the NCDHHS Director that TRC be awarded the certificate of need instead of BMA. BMA appealed to the Director's appointee for a Final Agency Decision (Agency).

The Agency's decision rejected many of the findings of fact of the ALJ, including *all* the findings addressing a comparative analysis of the two applications, stating that "I am substituting the following Findings of Fact because they more accurately reflect the evidence in the record and .a proper implementation of the Certificate of Need Law." The Agency did conclude, in similar fashion to the ALJ, that TRC did not need a co-applicant; TRC met criterion 4. However, the Agency rejected the ALJ's findings and conclusions regarding the fact that BMA's application was not complete, stating that "[b]oth the BMA and TRC applications conform or conditionally conform to every applicable review criterion."

With regard to a comparative analysis, the Agency reviewed the "staff salaries" criterion and noted, like the ALJ did, that the CON Section erred in determining BMA's salaries. The Agency nonetheless rejected this as a comparative factor on the grounds that, while TRC had higher salaries, the difference in salaries of TRC and BMA was not material. The Agency also determined there was no significant difference in patient charges either, another factor the ALJ and CON Section reviewed, but BMA did enjoy a slight advantage on this point. The Agency rejected the "continuity of care" factor as well, noting as did the ALJ, that any new facility would create change for the patients and neither company would shut out doctors. Thus, both applications were comparatively similar on this point.

Instead of the factors that the CON Section used in comparing the applications, the Agency used operating costs, implementation dates, and competition and consumer choice. The Agency found signifi-

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

cantly lower "operating costs" on behalf of TRC, but ultimately noted that it did not result in lower charges, thereby giving only a slight advantage to TRC. The Agency also compared "implementation dates," finding that TRC would have the facility operational six months ahead of BMA's estimates, giving TRC an advantage. Finally, the Agency took official notice of surrounding counties and facilities already in operation. Of those facilities in operation, the Agency identified that TRC operated far fewer dialysis stations than BMA. Accordingly, the Agency deduced, TRC would create more "competition" and increased "consumer choice," giving them a very clear advantage. The Agency awarded the certificate of need to TRC based on these findings and conclusions.

BMA appealed the Agency's decision to this Court arguing, in relevant part, that the Agency erred in altering the criteria of the previous reviews and coming to a decision that TRC was superior on this new criteria. TRC cross-appealed arguing, in relevant part, that the Agency erred in finding BMA's application conforming. Between the two parties there were fifty-nine assignments of error.

[1] Foremost, any review of a final agency decision is subject to a statutory standard of review before this Court. We deem it appropriate to expound upon that standard as it applies to appeals from cases arising out of Article 9 of Chapter 131E. N.C. Gen. Stat. § 131E-188(b) (2003) authorizes an affected person "who was a party in a contested case hearing" to appeal a final agency decision to this Court. Turning to Article 3 of Chapter 150B, regarding contested cases, and in particular N.C. Gen. Stat. § 150B-34(c), dealing with certificates of need, reveals that:

> in cases arising under Article 9 of Chapter 131E of the General Statutes, the administrative law judge shall make a recommended decision or order that contains findings of fact and conclusions of law. A final decision shall be made by the agency in writing after review of the official record as defined in G.S. 150B-37(a) and shall include findings of fact and conclusions of law. The final agency decision shall recite and address all of the facts set forth in the recommended decision not adopted by the agency, the agency shall state the specific reason, based on the evidence, for not adopting the findings of fact and the agency's findings shall be supported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31. *The provisions of* G.S. 150B-36(b), (b1), (b2), (b3), and (d), and *G.S. 150B-51 do not apply to cases decided under this subsection.*

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

N.C. Gen. Stat. § 150B-34(c) (2003) (emphasis added). The key sentence regarding our standard of review is the last: that section 150B-51, which contains the detailed process of review this Court applies to administrative decisions, does not apply to certificate of need proceedings.

Our Court has already determined that this provision exempts certificate of need proceedings from the newly amended portions of section 150B-51 and requires us to review those decisions under the previous version of section 150B-51, that being N.C. Gen. Stat. § 150B-51 (1999). *See Mooresville Hosp. Mgmt. Assocs. v. N.C. Dep't. of Health & Human Servs.*, 169 N.C. App. 641, 647, 611 S.E.2d 431, 436 (2005); *see also* Stephen Allred & Richard Whisnant, *State Government*, in *North Carolina Legislation 2000* 191, 193 (David W. Owen ed., Institute of Government 2000) (The exception to the APA for certificate of need proceedings "essentially preserv[ed] the status quo"; thereby leaving the scope of our review of the final agency's decision governed by the statutory procedures in effect before the amendments in 2001.). Accordingly, we read N.C. Gen. Stat. § 150B-34(c) (2003) in conjunction with N.C. Gen. Stat. § 150B-51 (1999) and our applicable case law to discern the appropriate review necessary under the circumstances.

Our Court will first review an Agency's decision to determine whether the Agency relied on new evidence in making its decision. *See* N.C. Gen. Stat. § 150B-34(c) (2003); N.C. Gen. Stat. § 150B-51(a) (1999); *Mooresville Hosp. Mgmt. Assocs.*, 169 N.C. App. at 647, 611 S.E.2d at 435-36. Under N.C. Gen. Stat. § 150B-51(a) (1999), if the Agency did not adopt the recommended decision, then we would have reviewed the Agency's decision to determine whether it "stat[ed] the specific reasons why the agency did not adopt the recommended *decision*." Now, N.C. Gen. Stat. § 150B-34(c) requires us to conduct a more detailed review of each *finding* in the decision not adopted by the Agency to determine whether 1) a specific reason for rejection was given, and 2) if that finding is "supported by substantial evidence admissible under G.S. 510B-29(a), 150B-30, or 150B-31." *See* N.C. Gen. Stat. § 150B-34(c) (2003). Importantly, and in keeping with legislative intent, we do not review the Agency's decision to reject the recommended decision or its findings *de novo*, as in the current version of section 150B-51. Instead, "[o]n judicial review of an administrative agency's final decision, the substantive nature of each assignment of error dictates the standard of review." *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004).

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

Modification or reversal of the Agency decision is controlled by the grounds enumerated in section 150B-51(b); the decision, findings, or conclusions must be:

(1) In violation of constitutional provisions;

(2) In excess of statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b) (1999). Our Supreme Court in *Carroll* discussed the particular scope of review associated with each of these grounds in detail. *See Carroll*, 358 N.C. at 658-65, 599 S.E.2d at 894-98. Section 150B-34(c) dictates that we maintain the standards of review in place before 2001, and that provision's requirement that we review the sufficiency of the Agency's findings, aligns seamlessly with N.C. Gen. Stat. § 150B-51(b)(5).

**[2]** Applying this standard of review to the case *sub judice*, we affirm the Agency's decision to award the certificate of need to TRC. First, no party has asserted that the Agency relied on "new evidence." Second, although the Agency decision did reject findings of fact in the recommended decision, 82 out of the 197 to be precise, it stated a specific reason why each was rejected. Third, under the whole record test, we hold that the Agency's findings were supported by substantial evidence, that is "relevant evidence a reasonable mind might accept as adequate to support a conclusion." N.C. Gen. Stat. § 150B-2(8b) (2003). There was substantial evidence in the record that supported a finding that TRC's application was conforming. There was also substantial evidence in the record to support a decision that BMA's application was conforming, despite conflicting evidence that it did not conform to criteria 4, 5, and 12 of N.C. Gen. Stat. § 131E-183 (2003). Importantly, in certificate of need cases, we cannot substitute our own judgment for that of the Agency if substantial evidence exists. *See Carroll*, 358 N.C. at 660, 599 S.E.2d at 895 (citing cases); *Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004) (citing cases).

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

Finally, we disagree with BMA that the Agency exceeded its statutory authority in using enhanced competition and increased consumer choice as the key comparative factors supporting an award of the certificate of need to TRC. We review this ground *de novo*, freely able to substitute our judgment for that of the Agency.

> Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding. 'The weight of such [an interpretation] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.' *Skidmore v. Swift & Company*, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124, 129 (1944).

*Savings and Loan League v. Credit Union Comm.*, 302 N.C. 458, 466, 276 S.E.2d 404, 410 (1981). If appropriate, some deference to the Agency's interpretation is warranted when we are operating under the "traditional" standards of review and not the standards as amended. *See* N.C. Gen. Stat. § 150B-34(c) (2003); *Cape Med. Transp., Inc. v. N.C. Dep't. of Health and Human Servs.*, 162 N.C. App. 14, 21-22, 590 S.E.2d 8, 13-14 (2004) (under the APA as amended, there is little if any deference on questions of law).

Since *Brithaven*, when this Court laid out the two-stage process of comparative review of competing applications, we have continually held that the Agency's decision "may include not only whether and to what extent the applications meet the statutory and regulatory criteria, but it may also include other 'findings and conclusions upon which it based its decision.' " *Britthaven, Inc. v. N.C. Dept. of Human Resources*, 118 N.C. App. 379, 385, 455 S.E.2d 455, 461 (quoting N.C. Gen. Stat. § 131E-186(b) (1999)), *disc. review denied*, 341 N.C. 418, 461 S.E.2d 754 (1995); *Living Centers-Southeast, Inc. v. N.C. Dep't. of Health & Human Servs.*, 138 N.C. App. 572, 574-75, 532 S.E.2d 192, 194 (2000); *Burke Health Investors v. N.C. Dep't. of Hum. Res.*, 135 N.C. App. 568, 577, 522 S.E.2d 96, 102 (1999). We find increased competition and consumer choice to be well within the established criteria in N.C. Gen. Stat. § 131E-183 and not inconsistent with the General Assembly's findings in N.C. Gen. Stat. § 131E-175.

N.C. Gen. Stat. § 131E-183(18a) (2003) addresses some degree of competition. "The applicant shall demonstrate the expected effects of

the proposed services on competition in the proposed service area, including how any enhanced competition will have a positive impact upon the cost effectiveness, quality, and access to the services proposed . . . ." *Id.* Also, this Court has approved of "competition" as a rational means of comparing competing applications and awarding a certificate of need. *See Britthaven,* 118 N.C. App. at 386, 455 S.E.2d at 461. And, while the General Assembly's findings in N.C. Gen. Stat. § 131E-175 discuss how unbridled free-market competition in health care services would have a detrimental impact on the State, the current certificate of need process was created to protect against that danger. *See* N.C. Gen. Stat. § 131E-175 (2003). Yet, there is nothing about those findings, or the statutory criteria, that would preclude identifying the benefits of enhanced competition and consumer choice from among applicants that already qualify for receipt of the certificate. *See id.*

We have reviewed the record and find the remaining assignments of error to be without merit. The Agency's findings were supported by sufficient evidence and it did not exceed its statutory authority in using enhanced competition and consumer choice as key factors in a comparative analysis.

Affirmed.

Judges McGEE and CALABRIA concur.