Cook County Inspection Bureau, Petitioner-Appellant, v. J. Edward Day, Director of Insurance of State of Illinois, Respondent-Appellee.

Insurance Company of North America and Philadelphia Fire and Marine Insurance Company, Intervenors-Cross-Appellants-Appellees, v. Cook County Inspection Bureau, Petitioner-Cross-Appellee.

Gen. No. 9,866.

Opinion filed March 3, 1953.

Released for publication March 19, 1953.

McKinney, Carlson, Barnes & Smalley, of Chicago, and Giffin, Winning, Lindner & Newkirk, of Springfield, for petitioner-appellant and cross-appellee; John Potts Barnes, Spencer E. Irons, both of Chicago, and C. Terry Lindner, of Springfield, of counsel.

John C. Phillips, of Philadelphia, Pennsylvania, Louis F. Gillespie, Frank W. Young, and Gillespie, Burke & Gillespie, all of Springfield, for intervenors-cross-appellants and intervenors-appellees.

Ivan A. Elliott, Attorney General of State of Illinois, of Chicago, for respondent-appellee; William C. Wines, John T. Coburn, and Wayne R. Cook, Assistant Attorneys General, all of Chicago, of counsel.

*Per Curiam.*

Cook County Inspection Bureau is a fire insurance rating organization, organized under Sec. 477 of the Insurance Code. (Ill. Rev. Stats. 1951, chap. 73, par. 1065.24 [Jones Ill. Stats. Ann. 66.1128(24].) Insurance Company of North America and Philadelphia Fire and Marine Insurance Company are members of this rating organization. Each year from 1947 to 1950, and in accordance with the provisions of sec. 478 of the Insurance Code [Ill. Rev. Stats. 1951, ch. 73, par. 1065.25; Jones Ill. Stats. Ann. 66.1128(25)], Insurance Company of North America and Philadelphia Fire and Marine Insurance Company applied to the Director of Insurance for permission to deviate from fire insurance rates, in respect to certain classes of risks, that had been filed by the Cook County Inspection Bureau on behalf of all of its members. Cook County Inspection Bureau waived hearings on these applications and the Director approved them.

Subsequently, the inspection bureau reduced rates.

On September 11, 1951 the Director of Insurance entered an order allowing these two companies to continue certain revised deviations from the reduced

460

rates. In accordance with the provision of sec. 478, these deviations were effective for a period of one year from September 11, 1951.

Thereafter the inspection bureau filed a petition in the circuit court of Sangamon county for a review of the order of the Director of Insurance. The two insurance companies involved were given leave to intervene in the proceedings.

The circuit court of Sangamon county affirmed the decision of the Director, and this appeal followed.

In our opinion the case has become moot. By its terms the order of the Director in question expired on September 11, 1952.

When a reviewing court has notice of facts that show that only moot questions or mere abstract propositions are involved it will dismiss the appeal. *People v. Redlich,* 402 Ill. 270; *Chicago City Bank and Trust Company v. Board of Education,* 386 Ill. 508.

In an effort to avoid a dismissal of this appeal an affidavit has been filed herein, setting forth that on June 10, 1952 the Director of Insurance approved further deviation on the same terms as the deviations in question, which further deviations would be effective for a period of one year from September 11, 1952. This fact does not alter our opinion. We have studied the briefs filed herein and they reveal that the primary question involved here is whether there was sufficient competent evidence before the Director to permit the deviation in question. Whatever might be held here could not in any way determine what evidence might be produced at any other hearing that might be held before the Director with reference to another deviation. There is no statement that no further evidence can be produced. This appeal does not present any novel question of law the decision of which would guide the parties in their present controversy.

*Appeal dismissed.*