RENAL CARE OF ILLINOIS, INC., Plaintiff-Appellant, v. THE HEALTH FACILITIES PLANNING BOARD *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—2108

Opinion filed August 7, 1987.

Robert J. Pristave, Karen K. Phillips, and James B. Riley, Jr., all of Ross & Hardies, of Chicago, for appellant.

Walter H. Djokic and Lawrence A. Manson, both of Wood, Lucksinger & Epstein, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This action arises from a decision by the Illinois Health Facilities Planning Board, an independently constituted commission mandated

by the Illinois Health Facilities Planning Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1151 *et seq.*), to grant a certificate of need (certificate) permitting defendant Renal Dialysis of Illinois, Inc. (RDI), to establish a dialysis facility in Granite City, Illinois. Plaintiff Renal Care of Illinois, Inc., opposed this decision at the administrative level and has subsequently sought review of the Planning Board's decision by the circuit court of Cook County. In conjunction with that action, Renal Care also filed a motion to stay final administrative decision pending that review. Specifically, plaintiff sought to enjoin RDI from constructing and operating its proposed facility.

Renal Care brings this interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)) from an order entered by the circuit court of Cook County on July 2, 1986, denying Renal Care's motion to stay.

The sole issue raised by appellant is whether the trial court erred in denying Renal Care's motion to stay the final administrative decision based on its finding that Renal Care had not established the likelihood of success on the merits of its claim. We do not reach this issue because we determine that the action is moot because the dialysis facility has already been constructed and therefore we dismiss this action.

On September 4, 1985, RDI applied to the Planning Board for a certificate to establish a dialysis facility in Illinois Health Service Area (HSA) XI. Dialysis facilities utilize artificial kidney machines to provide, on an ambulatory basis, treatment for patients who have no kidney function. These patients are commonly known as "End-Stage Renal Disease" patients and the kidney machines are commonly referred to as dialysis stations. The capacity of a dialysis facility is measured by the number of dialysis stations it has, just as the capacity of a hospital is measured by the number of beds it has. A dialysis facility must be approved by the Planning Board and granted a certificate before it can become operational.

The State of Illinois Department of Public Health (State Agency), as mandated by the Planning Act, reviewed RDI's certificate application to determine its conformance with the Planning Board's regulations. (77 Ill. Adm. Code secs. 1100.10 through 1260.50 (1985).) With the exception of section 1100.1430(k), the application conformed with the regulations. Section 1100.1430(k) provides:

"(k) 'Addition of Stations'—Review Criteria
It is the policy of the State Board that the need for additional dialysis stations be met by the expansion of existing renal dialysis centers or facilities unless no facilities or centers exist

within the planning area or unless 90% of the residents of the area would have to travel more than 45 minutes to existing services."

The Planning Board voted to grant a certificate to RDI despite the violation of section 1100.1430(k).

By letter Renal Care requested that the Planning Board conduct both a reconsideration hearing and a contested case hearing on the ground that the RDI application should not have been approved because it was not in conformance with the regulations. Renal Care also requested a stay of both the Planning Board's decision to issue a certificate and of further Planning Board or State Agency action pending completion of all administrative proceedings. The Planning Board denied all of these motions. Renal Care requested a rehearing of the denial of those motions. At the March 1986 meeting the Planning Board voted to uphold the denial. Renal Care is now seeking administrative review of the Planning Board's decision to issue RDI a certificate.

OPINION

When a reviewing court has notice of facts that show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal. (*Cook County Inspection Bureau v. Day* (1953), 349 Ill. App. 459, 110 N.E.2d 874.) During oral argument, the parties first informed this court that RDI has constructed and begun operations of its dialysis facility in Granite City. In *Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 151 N.E.2d 443, the question raised by appeal from order denying preliminary injunction in suit to enjoin construction of motor freight terminal was rendered moot by substantial completion of the terminal.

In this cause plaintiff sought to enjoin RDI from constructing and operating its proposed facility; therefore, the question of whether this court should prohibit RDI from construction of its dialysis facility is rendered moot in light of the fact that the facility is already in operation.

For the foregoing reasons Renal Care's appeal is therefore dismissed.

Dismissed.

SULLIVAN, P.J., and MURRAY, J., concur.