[360 N.C. 156 (2005)]

MOORESVILLE HOSPITAL MANAGEMENT ASSOCIATES, INC., D/B/A LAKE NORMAN REGIONAL MEDICAL CENTER, PETITIONER v. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION; ROBERT J. FITZGERALD IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE DIVISION OF FACILITY SERVICES, AND LEE B. HOFFMAN IN HER OFFICIAL CAPACITY AS CHIEF OF THE CERTIFICATE OF NEED SECTION, RESPONDENTS, AND THE PRESBYTERIAN HOSPITAL AND THE TOWN OF HUNTERSVILLE, RESPONDENT-INTERVENORS

No. 404A03-2

(Filed 16 December 2005)

### Appeal and Error; Hospitals and Other Medical Facilities—certificate of need—mootness

The Court of Appeals erred in denying respondent-intervenor Presbyterian Hospital's motion to dismiss as moot petitioner's appeal from a decision of the Department of Health and Human Services upholding a certificate of need for Presbyterian Hospital to build a hospital in Huntersville where, prior to the Court of Appeals decision, construction of the hospital had been completed and the hospital was fully operational.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 169 N.C. App. 641, 611 S.E.2d 431 (2005), affirming in part, reversing in part, and remanding a final agency decision entered 20 March 2003 by the North Carolina Department of Health and Human Services. On 30 June 2005, the Supreme Court allowed petitioner's petition for discretionary review as to additional issues and a writ of certiorari filed by respondents and respondent-intervenors to review an order entered by the Court of Appeals on 4 January 2005 denying respondent-intervenors' motion to dismiss. Heard in the Supreme Court 15 November 2005.

*Smith Moore LLP, by Maureen Demarest Murray and James G. Exum, Jr., for petitioner-appellant/appellee.*

*Roy Cooper, Attorney General, by James A. Wellons, Special Deputy Attorney General, for respondent-appellees/appellants.*

*Nelson Mullins Riley & Scarborough LLP, by Noah H. Huffstetler, III, for respondent-intervenor-appellees/appellants.*

MOORESVILLE HOSP. MGMT. ASSOCS. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[360 N.C. 156 (2005)]

PER CURIAM.

Respondent Department of Health and Human Services (DHHS) issued a certificate of need (CON) to respondent-intervenor Presbyterian Hospital. Petitioner requested a contested case hearing to challenge the CON, and an administrative law judge recommended denying the CON. When respondent DHHS upheld the CON, petitioner appealed to the Court of Appeals.

While the appeal was pending, respondent-intervenor Presbyterian Hospital obtained an operating license from DHHS. On 19 November 2004, before the Court of Appeals issued its decision, respondent-intervenors filed in that court a motion to dismiss petitioner's appeal as moot because construction of Presbyterian Hospital had been completed and the hospital was fully operational. The Court of Appeals denied the motion in an order dated 4 January 2005. On 19 April 2005, in a divided opinion, the Court of Appeals affirmed the decision of respondent DHHS in part and reversed and remanded in part.

On 18 May 2005, respondents and respondent-intervenors filed an appeal based on issues raised by the dissent and a petition for writ of certiorari requesting review by this Court of the Court of Appeals 4 January 2005 order that denied respondent-intervenors' motion to dismiss the appeal as moot. On 24 May 2005, petitioner filed a notice of appeal based on the dissent and a petition for discretionary review as to additional issues. The Court allowed both petitions on 30 June 2005.

Thereafter, respondent-intervenors filed motions to take judicial notice and for sanctions. Respondents and respondent-intervenors also filed two motions in opposition to petitioner's response to their brief, one to strike portions of the reply brief and the other to disallow the entire reply brief. Respondent-intervenors' motion to take judicial notice is allowed. Respondents and respondent-intervenors' motion to strike is dismissed as moot. Respondents and respondent-intervenors' motion to disallow the reply brief is dismissed as moot. Respondent-intervenors' motion for sanctions is denied.

Arguments were heard before this Court on 15 November 2005. We conclude that the Court of Appeals erred in denying respondent-intervenors' motion to dismiss as moot. The opinion of the Court of Appeals is vacated. The appeal before this Court is dismissed as

SAWYERS v. FARM BUREAU INS. OF N.C., INC.

[360 N.C. 158 (2005)]

moot. Petitioner's petition for discretionary review is dismissed as improvidently allowed.

**VACATED; APPEAL DISMISSED AS MOOT; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.**