ALASKA SPINE INSTITUTE SURGERY CENTER, LLC, Appellant,

v.

STATE of Alaska, DEPARTMENT OF HEALTH & SOCIAL SERVICES, and William Hogan, Commissioner, Appellee,

and

South Anchorage Ambulatory Surgery Center Joint Venture, Intervenor–Appellee.

No. S–13705.

Supreme Court of Alaska.

Oct. 28, 2011.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

**Order Dismissing Appeal**

 1. South Anchorage Ambulatory Surgery Center (South Anchorage)[1] applied for a certificate of need (CON) to build a health care facility. It successfully obtained

---

**1.** South Anchorage was a joint venture of Providence Health System and Advanced Pain Centers of Alaska.

a CON from the State of Alaska by order of the superior court. Alaska Spine, a potential competitor to the proposed ambulatory surgery center, requested an evidentiary hearing to dispute the issuance of the CON from the State, which was denied. Alaska Spine appealed to the superior court. South Anchorage and the State moved to dismiss the appeal. The superior court granted the motions to dismiss, and Alaska Spine appealed to this court. During oral argument, counsel for South Anchorage stated that the center had "been up and running" for a substantial time. In light of that statement, we directed the parties to submit supplemental briefing on whether, given the claimed completion of the facility authorized by the CON, the case was moot. Having reviewed the supplemental briefs, we conclude that this case is moot. As no exception to the mootness doctrine applies, we dismiss this appeal.

■ 2. We will ordinarily refrain from deciding questions where events have rendered the legal issue moot.[2] "A claim is moot if it is no longer a present, live controversy, and the party bringing the action would not be entitled to relief, even if it prevails."[3]

3. We conclude that this appeal is moot because Alaska Spine, even if given the hearing it seeks through this appeal, would be entitled to no remedy.[4]

4. In this case, Alaska Spine argues that it was wrongfully denied a hearing to contest the decision to issue South Anchorage a CON in violation of 7 Alaska Administrative Code (AAC) 07.080 and its due process rights. Alaska Spine urges that the appeal is not moot for two related reasons. First, the surgery center was not built pursuant to a valid CON because it was built at a different location than initially contemplated. Second, since the center was not built according to a valid CON, the CON can be revoked. These arguments are not persuasive.

5. As to Alaska Spine's first argument, a change in location does not invalidate the CON so long as the service area remains the same, under 7 AAC 07.092[5] and AS 18.07.031.[6] In this case, the service area remained the same. As the building is already complete, revisiting the decision to issue the CON that authorized construction would serve no purpose.

6. As to Alaska Spine's second argument, it is true that after construction a CON may be revoked under AS 18.07.081.[7] But rather than maintain a live controversy, as Alaska Spine suggests, AS 18.07.081 merely provides an alternative procedure under which Alaska Spine could contest South Anchorage's activi-

---

**2.** *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (citing *Gerstein v. Axtell*, 960 P.2d 599, 601 (Alaska 1998)).

**3.** *Id.*

**4.** This conclusion is in line with other jurisdictions that have considered the issue. *See, e.g., Total Renal Care of N.C., LLC v. Dep't of Health & Human Servs.*, 195 N.C.App. 378, 673 S.E.2d 137, 140, 145 (2009) (once a building was completed the appeal was moot, especially since there was no power to revoke the CON); *Mooresville Hosp. Mgmt. Assocs., Inc. v. N.C. Dep't of Health & Human Servs.*, 360 N.C. 156, 622 S.E.2d 621, 622 (2005) (same); *Renal Care of Ill., Inc. v. Ill. Health Facilities Planning Bd.*, 159 Ill.App.3d 881, 111 Ill.Dec. 786, 513 N.E.2d 32, 32 (1987) (completion of building renders appeal moot). Under Illinois law, like Alaska law, a CON may be revoked. 20 ILL. COMP. STAT. 3960/14.1 (2011); AS 18.07.081.

**5.** If a health care facility is sold, leased, discontinued, or moved to a new location during the department's review of an application for a certificate of need, or before completion of an activity for which a certificate of need has been issued, the applicant shall notify the department.... Notification under this section *does not* require submittal of a new certificate of need application.
7 AAC 07.092 (emphasis added).

**6.** AS 18.07.031(c) states that "a person who is lawfully operating a health care facility ... may make an expenditure of any amount in order to relocate the services of that facility to a new site in the same community without obtaining a certificate of need...."

**7.** AS 18.07.081(a) provides in relevant part that
[t]he department, a member of the public who is substantially affected by activities authorized by the certificate, or another applicant for a certificate of need may initiate a hearing to obtain modification, suspension, or revocation of an existing certificate of need by filing an accusation with the commissioner as prescribed under AS 44.62.360.

ties. If Alaska Spine believes that there are grounds to revoke the CON, it may file an accusation pursuant to procedure outlined in AS 18.07.081. But it may not now challenge the decision to issue the CON.

7. Although we have concluded that this appeal is moot, we do not suggest that a CON has no importance after construction is complete. In *Beal v. McGuire*,[8] we addressed the post-construction nature and purpose of a CON, holding that it is a vested and valuable property right that "did not expire just because construction conditions were satisfied."[9] This property interest "continues as long as the recipient complies with the terms of the CON."[10] Thus, "even if the CON itself expired when construction ended, the operating authority implicit in the issuance of the CON must be distinguished at this stage of this case from the constructional authority expressly granted by the CON."[11] We reaffirm this position. Alaska Spine's specific appeal is moot, not because the completion of construction has rendered the CON unchallengeable, but because completion of construction has rendered the decision to issue the CON unchallengeable.

 8. Under the public interest exception we may reach the merits of an otherwise moot case.[12] However, we have repeatedly declined to apply "the public interest exception to unusual factual circumstances that were unlikely to repeat themselves or situations where the applicable statute or regulation was no longer in force."[13] This appeal presents such a circumstance. During the appeal, 7 AAC 07.080 was modified to limit CON appeals to applicants who were denied CONs.[14] Alaska Spine is not an applicant and thus

would be unable to raise a challenge under the new regulation. Therefore, the unique factual circumstances of this case are not capable of repetition, cannot be repeatedly circumvented, and are not so important to the public interest as to override mootness.

9. The appeal is dismissed as moot.

Entered at the direction of the court.

---

**8.** 216 P.3d 1154 (Alaska 2009).

**9.** *Id.* at 1173.

**10.** *Id.*

**11.** *Id.*

**12.** The public interest exception requires the consideration of three factors: (1) whether the disputed issues are capable of repetition; (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented; and (3) whether the issues presented are so

important to the public interest as to justify overriding the mootness doctrine. *Kodiak Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1196 (Alaska·1995) (citing *Peloza v. Freas*, 871 P.2d 687, 688 (Alaska 1994); *Brandon v. Dep't of Corr.*, 865 P.2d 87, 92 n. 6 (Alaska 1993)).

**13.** *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 535 (Alaska 2005) (quoting *Fairbanks Fire Fighters Ass'n v. City of Fairbanks*, 48 P.3d 1165, 1168 (Alaska 2002)).

**14.** *Compare* Former 7 AAC 07.080 (2005) *with* 7 AAC 07.080 (2010).